IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.     1:06-cr-430-WSD

PHILLIP EUGENE JENKINS,

                      Defendant.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation [19] regarding Defendant Phillip Eugene Jenkins's Preliminary Motion to Dismiss Indictment [10] and Supplemental Motion to Dismiss Indictment [12], and Defendant Jenkins's Objections to the Report and Recommendation (the "Objections") [20] issued by the Magistrate Judge.

**Factual Background**

Defendant Jenkins is charged with six-counts of attempting to transmit obscene material to a minor, in violation of 18 U.S.C. § 1470.[1] Specifically,

---

[1] Section 1470 provides:
    Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual

Jenkins is charged with sending video images of himself masturbating on six occasions to an individual in Canada. Jenkins believed the recipient of the images to be a 13 year old Canadian girl. The recipient was actually a law enforcement officer posing as a child.

Jenkins claims that § 1470 is unconstitutionally vague: (i) because the definition of "obscenity" set forth in Miller v. California, 413 U.S. 15 (1973), was not specifically referenced by the statute; and (ii) because the internet was used, it is not possible to determine what community standard applied in a Miller obscenity analysis. Jenkins also argues that, even if the statute is not vague, there was no way for him to know that video images of himself masturbating violated community standards, and that the statute violated his First Amendment free spech rights.

The Magistrate Judge recommended that Jenkins's Motion to Dismiss be denied. Jenkins objected, reiterating his challenge to the constitutionality of the statute and the arguments "raised in [his] original Motion to Dismiss . . . and [his] Supplemental Motion to Dismiss . . . ."

---

> has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Criminal Rule 58.1, district judges are required to make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(B); L.Cr.R. 58.1(A)(3)(a).  The Court must "give fresh consideration to those issues to which specific objections have been made by a party."  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R.Rep. 1609, 94th Cong., § 2 (1976)).  After conducting a careful and complete review of the Magistrate Judge's findings and recommendations, the undersigned may accept, reject or modify the Report and Recommendation in whole or in part.  28 U.S.C. § 636(b)(1).

**Discussion**

An indictment is constitutional if, and only if, it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).  See also United States v. Resendiz-Ponce,127 S.Ct. 787, 788 (2007).  Jenkins claims his indictment fails this test because the term "obscene matter" is

not clearly defined in the statute, does not expressly incorporate the definition of obscenity announced in Miller, and thus does not fairly inform him of the charge against which he must defend.  Jenkins argues further that if the Miller test does apply to this statute, it cannot be met here because the meaning of "obscene" cannot be determined because there is no "community standard" on the internet.  To the extent these arguments fail, Jenkins argues that neither he nor the public could have known that the material he sent violated whatever community standard applies, and that this obscenity prosecution violated his First Amendment free speech or Fourth Amendment privacy rights.  (Objections at 1-2.)

    A.    *Vagueness*

The Supreme Court in Miller set forth the test, now axiomatic, for determining whether material is obscene.  This test has been in place and applied for over 30 years.  There is no question that the Miller test applies to all federal legislation prohibiting obscenity.  United States v. 12 200-Foot Reels of Super 8mm. Film, 413 U.S. 123, 130 (1973).  See also, Smith v. United States, 431 U.S. 291, 299 (1977); Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 581 n.11 (2002) ("Ashcroft I").  Because the Miller standard applies to all federal legislation prohibiting obscenity, such statutes unquestionably provide "fair

notice" regarding what materials are obscene.  Smith, 431 U.S. at 308-09.  See also, Eckstein v. Melson, 18 F.3d 1181,1184 (4th Cir. 1994).  Jenkins' objection to the finding in the R&R that § 1470 is not unconstitutionally vague is overruled.

  B. *Community Standards*

  Jenkins argues that he was distributing his material over the internet, that the internet is a worldwide community, and thus there is not and cannot be a community standard to apply.  Thus, he claims he could not have been put on fair notice the video footage he sent is legally obscene.  In Ashcroft I, the Supreme Court held expressly that internet users generally are judged by the community standard of the community into which they direct material.  "[T]he Court's jurisprudence teaches that it is the publisher's responsibility to abide by [the receiving] community's standards."  535 U.S. at 583. (applying community standards jurisprudence developed from Miller to the context of the internet) (citing Hamling, 418 U.S. at 87).

  Here, Jenkins attempted to send obscene materials to a child in a specific

community in Canada.[2] It is that community's standard which applies, and of which Jenkins was given fair notice. Jenkins's objections based on the absence of an applicable a community standard, and of the lack of fair notice as to which community standard might be applied, are overruled.

   C.   *First Amendment & Privacy*

Jenkins reiterates his argument that the material he distributed was protected by the First Amendment. The law, however, is clear. Obscenity is not constitutionally protected expression. Roth v. United States, 354 U.S. 476, 484-85 (1957). Jenkins's reliance on New York v. Ferber, 458 U.S. 747 (1982) is misplaced. Jenkins cites Ferber for the proposition that a depiction of a person masturbating is not obscene. Ferber does not stand for that proposition. Ferber upheld the constitutionality of a New York statute prohibiting distribution of materials depicting juvenile masturbation. Ferber does not hold that any particular

---

   [2] The Court notes that these materials likely violated the standard of every community.

images, particularly images involving masturbation, are not obscene as a matter of law.[3]

Jenkins also argues that this prosecution violated his privacy rights.  Jenkins relies on <u>Stanley v. Lawrence</u>, 394 U.S. 557 (1959) and <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003), which hold unconstitutional laws prohibiting personal possession of obscene material at one's home and laws regulating consensual sexual conduct inside of one's home.  Jenkins is not being indicted for his personal possession of obscene video images or for sexual acts contained to the four walls of his house.  Rather, Jenkins reached beyond the boundaries of his home, sending video images of himself masturbating to a person he believed to be a Canadian child.  Jenkins's First Amendment objection and privacy objections are overruled.

---

[3] <u>Ferber</u> suggests, but does not hold, that National Geographic images and images in medical textbooks might be non-obscene material falling under the New York statute's prohibition against "lewd exhibition of the genitals."  458 U.S. at 773.  <u>Ferber</u> describes the list of depictions prohibited by the statute, which included "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, [and] masturbation . . ." as representing "the kind of conduct that, if it were the theme of a work, could render it legally obsence."  <u>Id.</u> at 765.

Accordingly, based on the reasoning set forth above,

**IT IS HEREBY ORDERED** that Defendant's Objections to the Report and Recommendations [20] are **OVERRULED**.  The Court **ADOPTS AS ITS ORDER** the Report and Recommendation [19] issued by the Magistrate Judge. Defendant Phillip Eugene Jenkins Preliminary Motion to Dismiss Indictment [10] and Supplemental Motion to Dismiss Indictment [12] are **DENIED.**

**SO ORDERED** this 5th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE