IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | 1:06-cr-0430-WSD |
| **PHILLIP EUGENE JENKINS,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defense Counsel's Motion to Withdraw as Counsel [61].

On November 15, 2007, Defendant Phillip Jenkins ("Jenkins"), despite able representation by Federal Defender Vionette Reyes Johnson ("Ms. Johnson"), was convicted of six counts of attempting to transfer obscene material to a minor who had not attained the age of sixteen in violation of 18 U.S.C. § 1470. On November 18, 2007, Jenkins drafted a letter to the Court requesting appointment of a new attorney and listing a litany of perceived errors by Ms. Johnson.[1] The Court construes Jenkins letter as both a dismissal of Ms. Johnson and a motion for a new

---

[1] Jenkins admits, however, that "[f]rom the beginning of our relationship, Ms. Johnson was very impressive . . . ."

...

attorney. In deference to Jenkins's letter, Ms. Johnson filed a motion requesting that the Federal Defender Program be permitted to withdraw as Jenkins's counsel.

The Eleventh Circuit requires the appointment of new counsel in criminal cases when a "compelling explanation" exists, such as "that [counsel] was not being paid, that an actual conflict had arisen, or that [counsel] had been fired." <u>United States v. Robinson</u>, –F.3d–, 2007 WL 2490940 (11th Cir., September 5, 2007). "Compelling reasons" also include a total breakdown in communications between the defendant and counsel preventing an adequate defense, or that counsel's performance was not within the range of competence demanded of attorneys in criminal proceedings. <u>United States v. Calderon</u>, 127 F.3d 1314 (11th Cir. 1997). The Court has no obligation under the Sixth Amendment to substitute one appointed counsel for another in the absence of a compelling reason. <u>Id.</u> "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be presented by the lawyer whom he prefers." <u>Wheat v. United States</u>, 486 U.S. 153, 158 (1988).

Jenkins has not presented a compelling reason requiring the Court to substitute his appointed counsel. Communications between Ms. Johnson and

Jenkins, while strained, do not appear to have broken down totally, and, in the Court's observation, Ms. Johnson's representation of Jenkins has been and would continue to be more than adequate.  The Court is not required to grant the motion.  However, in light of Ms. Johnson and Jenkins's' mutually expressed desire to exit the attorney-client relationship, and to facilitate the processing of any post-conviction proceedings or appeals, the Court will exercise its discretion to permit Jenkins to substitute appointed counsel.

Because Jenkins intends to file motions for acquittal and new trial, the prompt appointment of new counsel will not prejudice his appeal rights.  Fed. R. App. P. 4(b)(A) (notice of appeal due within 10 days of the later-occurring of judgment of conviction or entry of order disposing of motions for acquittal or new trial).  To forestall any prejudice that might occur in the filing of post-conviction motions for acquittal or new trial, the Court will, on motion, grant Jenkins's new appointed counsel an extension of time through and including January 16, 2008, to file those motions.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's Motion to Withdraw as Counsel [61] is **GRANTED**.

This matter is hereby **REFERRED** to the magistrate judge to appoint new counsel based upon the standard practices of this Court. Appointment should be made as soon as practicable, but no later than December 21, 2007.

**SO ORDERED** this 13th day of December, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE